# EXHIBIT A

RECEIVED
JAN 0 2 2019
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
12/20/2018 9:53 AM
Steven D. Grierson
CLERK OF THE COURT

1

RYAN L. DENNETT, ESQ.
2   Nevada Bar No. 005617
rdennett@dennettwinspear.com
3   DENNETT WINSPEAR, LLP
3301 N. Buffalo Drive, Suite 195
4   Las Vegas, Nevada 89129
Telephone:    (702) 839-1100
5   Facsimile:    (702) 839-1113
*Attorneys for Plaintiff,*
6   *B.H. of Nevada, Inc.*

7                              DISTRICT COURT

8                          CLARK COUNTY, NEVADA

9   B.H. OF NEVADA, INC., d/b/a BLUE HAVEN
POOLS,
10                                                      Case No:       A-18-786389-C
                                                       Dept. No:
11                                      Plaintiff,
                                                                       Department 1
12   vs.

13   QBE SPECIALTY INSURANCE COMPANY;
DOES I through X, and ROE CORPORATIONS
14   I through X, inclusive,

15                                     Defendants.

16                              **COMPLAINT**

17        COMES NOW the Plaintiff, B.H. OF NEVADA, INC., d/b/a Blue Haven Pools (hereinafter

18   "Blue Haven") by and through its attorneys of record, DENNETT WINSPEAR, and as and for its

19   cause of action, states and alleges as follows:

20        1.    Plaintiff B.H. of Nevada, Inc. d/b/a/ "Blue Haven Pools" (hereinafter "Blue Haven"

21   is a Nevada Corporation licensed to conduct business in the State of Nevada;

22        2.    Defendant QBE Specialty Insurance Company (hereinafter QBE") is a Wisconsin

23   corporation registered to provide insurance products in the State of Nevada;

24        3.    Does I through X and Roe Corporations I through X are those individuals or

25   entities who thought acts or omission are liable to Plaintiff for the damages alleged herein.

26   Plaintiff does not yet know the true and exact identification of these individuals or entities and will

27   seek leave to court to amend this Complaint to include the exact names and identities of these

28   individuals when they become known;



4.    At all times relevant herein, Plaintiff Blue Haven was insured for general liability under a policy issued by QBE to Blue Haven;

5.    At all times Blue Haven complied with all of the terms and conditions necessary to maintain the insurance policy with QBE in full force and effect;

6.    In or about 2006 Blue Haven Pools was contracted by Arthur Birzneck to provide pool and spa construction services on a new home construction.

7.    Blue Haven Pools completed that contract and the construction of the pool and spa in 2007;

8.    During and at the completion of the contract and construction, Plaintiff Blue Haven Pools was insured with a general liability policy from QBE Specialty Insurance Company, policy number A0010008710010

9.    On or about November 30, 2011 non-party Arthur Birzneck filed a first amended complaint against several general and sub-contractors, including Blue Haven Pools, for their work and service on new construction of a residence, alleging that there were construction defects present in the work provided by the general and sub-contractors;

10.    The claims outlined in the Amended Complaint by Mr. Birzneck against Blue Haven Pools were of such a nature and character that they were clearly "covered" claims within the terms of the policy of general liability insurance issued by Defendant QBE to Plaintiff Blue Haven;

11.    In or about 2012 Plaintiff Blue Haven Pools presented the Complaint to Defendant QBE and requested that QBE provide a defense to the litigation and indemnity under the policy.

12.    Despite having received notice and demand for defense and indemnity from Plaintiff Blue Haven Pools, Defendant QBE wrongfully, and without justification refused and continued to refuse to accept the claim or to provide defense from the claim or indemnity under the policy;

13.    Given the wrongful position taken by Defendant QBE, and in the face of the pending litigation, it was necessary for Plaintiff Blue Haven Pools to retain legal counsel and incur significant fees and costs in defending the claims presented by Arthur Birzneck;

2

14.    Ultimately, given the wrongful position taken by Defendant QBE on indemnification, it was necessary for Plaintiff Blue Haven Pools to settle the claims against it in a negotiated amount of $102,500. Which amount was paid fully by Plaintiff Blue Haven Pools;

15.    During the time of the pendency of Mr. Birzneck's claims against Plaintiff Blue Haven Pools, and continuing through the settlement of the claims, Defendant QBE wrongfully refused, and continued to wrongfully refuse, to provide either a defense to Blue Haven Pools or indemnity to Blue Haven Pools for resolution of the claims.

### FIRST CAUSE OF ACTION

16.    Plaintiff repeats, realleges and incorporates paragraphs 1 through 15 as if fully set forth and recited herein;

17.    At all times relevant herein a contract for insurance existed between Plaintiff Blue Haven Pools and Defendant QBE Specialty Insurance Company;

18.    At all times relevant herein, Plaintiff Blue Haven Pools complied with all provisions and requirements of it under that contract of insurance;

19.    At all times relevant herein Defendant QBE Specialty Insurance Company's policy of insurance issued to Plaintiff Blue Haven Pools was in full force and effect;

20.    The allegations contained the litigation initiated against Plaintiff Blue Haven Pools by Arthur Birzneck are claims which, upon their terms, are covered under the policy of insurance issued by QBE to Blue Haven Pools;

21.    The contract of insurance required Defendant QBE to provide both defense to the claims against Plaintiff Blue Haven Pools and indemnity to Blue Haven for any judgment or settlement rendered on behalf of Arthur Birzneck;

22.    Defendant QBE Specialty Insurance Company breached the contract of insurance when it refused, and continued to refuse to provide benefits to Plaintiff Blue Haven Pools that Blue Haven Pools was entitled to under the contract;

23.    Plaintiff Blue Haven Pools has been damaged by Defendant QBE Specialty Insurance Company in an amount in excess of $15,000, to be more particularly proven at the time of trial;

3

24.   It has been necessary for Plaintiff to retain an attorney to pursue these claims, as such Plaintiff is entitled to recovery of its attorney's fees and costs in the matter.

## SECOND CAUSE OF ACTION

25.   Plaintiff repeats, realleges and incorporates paragraphs  1 through 24 as if fully set forth and recited herein;

26.   At all times relevant herein, a valid contract of insurance existed between Plaintiff Blue Haven Pools and Defendant QBE Specialty Insurance Company;

27.   All contracts in Nevada, regardless of terms, include covenants between the parties of good faith and fair dealing;

28.   The wrongful actions and omissions of Defendant QBE Specialty Insurance Company constitute a breach of the covenant of good faith and fair dealing;

29.   Plaintiff, Blue Haven Pools, has been damaged by Defendant, QBE Specialty Insurance Company's breach of the covenant of good faith and fair dealing in an amount in excess of $15,000.00, to be more particularly proven at the time of trial;

30.   It has been necessary for Plaintiff to retain an attorney to pursue these claims, as such Plaintiff is entitled to recovery of its attorney's fees and costs in the matter.

## THIRD CAUSE OF ACTION

31.   Plaintiff repeats, realleges and incorporates paragraphs  1 through 30 as if fully set forth and recited herein;

32.   Nevada Revised Statutes 686a.310 mandates that insurers when presented with claims from insureds must comply with certain standards.  Specifically, that statute mandates:

1. Engaging in any of the following activities is considered to be an unfair practice:

(a) Misrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue.

(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

4

(d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

(f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

(g) Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

(h) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured, or the representative, agent or broker of the insured.

(i) Failing, upon payment of a claim, to inform insureds or beneficiaries of the coverage under which payment is made.

(j) Making known to insureds or claimants a practice of the insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

(k) Delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

(l) Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(m) Failing to comply with the provisions of NRS 687B.310 to 687B.390, inclusive, or 687B.410.

1    (n) Failing to provide promptly to an insured a reasonable explanation of the basis in the

2    insurance policy, with respect to the facts of the insured's claim and the applicable law, for the

3    denial of the claim or for an offer to settle or compromise the claim.

4    (o) Advising an insured or claimant not to seek legal counsel.

5    (p) Misleading an insured or claimant concerning any applicable statute of limitations.

6    33.    The wrongful actions and omissions of Defendant QBE Specialty Insurance

7    Company are in breach of multiple provisions of NRS 686a.310, including, but not limited to 1a,

8    1b, 1c, 1d, 1e, 1f, 1i, 1n;

9    34.    Plaintiff Blue Haven Pools has been damaged by the wrongful actions and

10    omissions of Defendant QBE Specialty Insurance Company in violation of NRS 686A.310 and its

11    subparts in an amount in excess of $15,000, to be more particularly proven at the time of trial;

12    35.    It has been necessary for Plaintiff to retain an attorney to pursue these claims, as

13    such Plaintiff is entitled to recovery of its attorney's fees and costs in the matter.

14    **FOURTH CAUSE OF ACTION**

15    36.    Plaintiff repeats, realleges and incorporates paragraphs 1 through 35 as if fully set

16    forth and recited herein;

17    37.    Plaintiff, Blue Haven Pools, paid all premiums as required and on time to keep the

18    subject general liability policy with QBE Specialty Insurance Company in full force and effect

19    during all times relevant herein;

20    38.    Defendant, QBE accepted and received the benefit of those insurance premiums;

21    39.    The policy that Plaintiff, Blue Haven Pools, maintained with Defendant QBE

22    Specialty Insurance Company should have provided coverage for the claims pursued against

23    Blue Haven Pools by Mr. Birzneck;

24    40.    In receiving and retaining the Blue Haven Pool insurance premiums while

25    wrongfully refusing to provide coverage for defense and indemnity,  Defendant QBE has been

26    unjustly enriched in an amount in excess of $15,000.00, to be more particularly proven at the

27    time of trial;

28

41.   It has been necessary for Plaintiff to retain an attorney to pursue these claims, as such Plaintiff is entitled to recovery of its attorney's fees and costs in the matter.

**FIFTH CAUSE OF ACTION**

42.   Plaintiff repeats, realleges and incorporates paragraphs 1 through 41 as if fully set forth and recited herein;

43.   Plaintiff, Blue Haven Pools and Defendant, QBE Specialty Insurance Company, at all times relevant herein had in place a contact of insurance for general liability insurance;

44.   That policy of insurance provided coverage for defense of claims and indemnity of claimants for certain occurrences;

45.   Plaintiff, Blue Haven Pools contends that the claims asserted against it by Arthur Birzneck were of a nature and quality that should have been afforded coverage for both defense and indemnity under the subject policy of insurance;

46.   Plaintiff Blue Haven Pools is entitled to a declaration from the court that the policy and coverages in effect at all times relevant between it and Defendant QBE Specialty Insurance Company did and do, in fact, provide coverage for the claims asserted;

47.   It has been necessary for Plaintiff to retain an attorney to pursue these claims, as such Plaintiff is entitled to recovery of its attorney's fees and costs in the matter.

WHEREFORE, Plaintiff Blue Haven Pools does hereby pray judgment against Defendant, QBE Specialty Insurance Company in the following particulars:

1.   For damages for breach of contract in an amount in excess of $15,000;

2.   For damages for breach of the covenant of good faith and fair dealing in an amount in excess of $15,000;

3.   For damages for statutory breach of the covenant of good faith and fair dealing (NRS 686A.310) in an amount in excess of $15,000;

4.   For damages for unjust enrichment in an amount in excess of $15,000;

5.   For declaratory judgment;

6.   For punitive damages;

7.   For attorney's fees and costs of suit;

7

1    8.    For such other relief as the court may deem necessary and proper in the

2    premises.

3        DATED this _____ 20 _____ day of December, 2018.

4

5                                DENNETT WINSPEAR, LLP

6

7                                By _____
                                 RYAN L. DENNETT, ESQ.
8                                Nevada Bar No. 005617
                                 3301 N. Buffalo Drive, Suite 195
9                                Las Vegas, Nevada 89129
                                 Telephone:    (702) 839-1100
10                               Facsimile:     (702) 839-1113
                                 *Attorneys for Plaintiff, B.H. of Nevada, Inc.,*
11                               *d/b/a Blue Haven Pools*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8